IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | |
|---|---|
| In the Matter of<br><br>DEPARTMENT OF EDUCATION, STATE OF HAWAII,<br><br>        Plaintiff,<br><br>  vs.<br><br>RIA L., by and through her Parent, RITA L.,<br><br>        Defendants. | CIVIL NO. 14-00034 DKW-RLP<br><br>**ORDER VACATING IN PART THE ADMINISTRATIVE HEARINGS OFFICER'S DECEMBER 27, 2013 DECISION AND REMANDING FOR FURTHER PROCEEDINGS BEFORE A NEW HEARINGS OFFICER** |

**ORDER VACATING IN PART THE ADMINISTRATIVE HEARINGS OFFICER'S DECEMBER 27, 2013 DECISION AND REMANDING FOR FURTHER PROCEEDINGS BEFORE A NEW HEARINGS OFFICER**

On December 15, 2014, the Court affirmed (1) the AHO's decision to hold an additional evidentiary hearing on remand, and (2) the AHO's decision to deny the DOE's motion to recuse the AHO from the remand proceedings. Dkt. No. 30. In that same order, the Court also remanded in part to the AHO for further explanation of the AHO's December 27, 2013 credibility findings and conclusions with respect to abuse witnesses, including, but not limited to, Balinben, Izumigawa, and Boteilho. *Id.*

Following the Court's order, David H. Karlen, Senior Hearings Officer for the Office of Administrative Hearings, communicated via letter to the parties that the AHO who previously presided over this matter, and who issued the December 27, 2013 decision, was now retired and unavailable to provide any additional services in this matter on remand. Senior Hearings Officer Karlen requested that the parties communicate this information to the Court in order to determine how to proceed in light of the AHO's unavailability. The Court confirmed these circumstances via status conference with the parties and with Senior Hearings Officer Karlen on January 15, 2015.

As the Court expressed in its prior order (Dkt. No. 30), the AHO's December 27, 2013 decision does not allow the Court the ability to conduct meaningful judicial review of the AHO's findings of abuse. That is, because the findings are based on the credibility determinations of several witnesses with vastly divergent views of what transpired in Student's classroom, and although the AHO identified a number of factors that relate to the assessment of witness credibility, the AHO did not offer any application of those, or any other, factors to the witnesses in question. More specifically, the absence of such an application is what leaves this Court unable to review on appeal the AHO's determination that there was abuse that resulted in the denial of FAPE.

In light of the unavailability of the AHO who issued the December 27, 2013 decision, the Court is unable to obtain any further explanation of the critical credibility findings underlying the AHO's determination that Student was abused and that this abuse resulted in the denial of FAPE. Indeed, even with an independent review of the administrative record, neither this Court nor any other hearings officer would be in an appropriate position to shed any light into what drove the now-retired AHO's credibility findings.[1] Accordingly, in light of the communication from Senior Hearings Officer Karlen, the only available course is to now vacate the portion of the December 27, 2013 decision that found abuse resulting in the denial of FAPE, and to remand for further proceedings before a new hearings officer.[2]

In light of this order, the question presented to a new hearings officer on remand is essentially the same as it was when Judge Ezra previously remanded to

---

[1] Parent urges this Court to conduct its own *de novo* review of the administrative record. However, this Court is sitting as an appellate court for purposes of this matter, and, thus, the Court would be circumventing the function of the Office of Administrative Hearings by making a determination on the issue of abuse in the first instance. This is the very question that Judge Ezra previously remanded to the AHO for determination. The Court declines to upend the established structure of IDEA proceedings in the way that Parent suggests. Moreover, a *de novo* review of the administrative record by this Court would not enable the Court to substitute its own judgment for that of the AHO in terms of the credibility of the witnesses. Those witnesses testified only before the AHO, and this Court has had no opportunity to view or hear any of them firsthand.

[2] In the Court's previous order, the Court affirmed (1) the AHO's decision to hold an additional evidentiary hearing on remand and (2) the AHO's decision to deny the DOE's motion to recuse the AHO from the remand proceedings. Through the present order, the Court does not disturb those portions of its previous order, and the AHO's decision remains affirmed as to those issues only.

the AHO. *See DOE v. Ria L.*, CV 12-00007 DAE-KSC, Dkt. No. 27, at 45 (July 21, 2012). That is, a new hearings officer should determine (1) whether the allegations of abuse in the due process hearing request resulted in the denial of FAPE, and (2) if so, the appropriate remedy for such denial. It is within the new hearings officer's discretion to take additional evidence to decide the issues on remand, or to reach a decision based on the existing record.

## **CONCLUSION**

The Court vacates the AHO's December 27, 2013 decision, with the exception of the two issues identified above that were previously affirmed. The Court remands to the Office of Administrative Hearings for further proceedings consistent with this order to be presided over by a new hearings officer, in light of the retirement and unavailability of the original AHO in this case.

IT IS SO ORDERED.

DATED: January 27, 2015 at Honolulu, Hawai'i.



Derrick K. Watson
United States District Judge

---

DOE v. RIA L., et al.; CV 14-00034 DKW-RLP; ORDER VACATING IN PART THE ADMINISTRATIVE HEARINGS OFFICER'S DECEMBER 27, 2013 DECISION AND REMANDING FOR FURTHER PROCEEDINGS BEFORE A NEW HEARINGS OFFICER